UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRIUM DEVELOPMENT COMPANY, LLC, a
Washington limited liability company; and
PRIUM WHITE CENTER BUILDING, LLC, a
Washington limited liability company,

        Plaintiffs/Counterclaim
        Defendants,

   v.

NATIONAL REALTY DEVELOPMENT
CORPORATION, a Maryland corporation,

        Defendant/Counterclaim
        Plaintiff,

   v.

SAFEWAY INC.; WASHINGTON
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES; SEA-MAR COMMUNITY
HEALTH CENTER; and DR. YOUSIM CHHIM,
LLC,

        Counterclaim Defendants.

CASE NO. C09-0103-JCC

ORDER

This matter comes before the Court on Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 3)[1], Defendant National Realty Development Corporation's ("NRDC") Response in opposition (Dkt.

---

[1] The motion was also a motion for a temporary restraining order ("TRO"). (*See* Mot. 1 (Dkt. No. 3).) However, the Court already ruled on that portion of the motion in its Order of January 30, 2009. (Dkt. No. 11.) Accordingly, this Order resolves only the request for a preliminary injunction.

ORDER – 1

No. 18), and Plaintiffs' Reply (Dkt. No. 23). Having carefully considered these documents and their supporting declarations and exhibits, as well as the balance of pertinent materials in the case file, the Court has determined that oral argument is not necessary. The Court hereby DENIES the motion and finds and rules as follows.

The Court recounted the background facts of this dispute in its Order denying Plaintiffs' request for a TRO (Dkt. No. 11) and for efficiency's sake will not repeat them here. The Court must now consider whether to issue a preliminary injunction, based on the original motion for injunctive relief and the parties' additional briefing on the preliminary injunction portion of the motion. In the Ninth Circuit:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Am. Trucking Ass'ns, Inc., v. City of Los Angeles*, __ F.3d __, 2009 WL 723993, at *4 (9th Cir. Mar. 20, 2009) ("To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable."). Harm that is merely monetary will not usually support injunctive relief. *Id*. at *10. Nor will speculative harm. *Id*. at *4, *10 ("An injunction cannot issue merely because it is possible that there will be irreparable injury to the plaintiff; it must be likely that there will be.").

In the Order denying Plaintiffs' motion for a TRO, this Court found that Plaintiffs had not demonstrated a likelihood of irreparable harm in the absence of preliminary relief because the potential harms were merely monetary or speculative, or both. As the Court explained, the Ninth Circuit has held that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Court of the State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984) (finding that the equities did not favor relief to plaintiff where its harm was easily calculable and compensable in damages). In *Los Angeles Memorial Coliseum Commission v. National Football League*, the Ninth Circuit quoted the Supreme Court's statement that:

> (T)he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . "The key word in this consideration is irreparable. Mere injuries,

ORDER – 2

however substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

634 F.2d 1197, 1202 (9th Cir. 1980) (*quoting Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted)); *see also Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). The Court was not persuaded that any of the potential harms Plaintiffs articulated were not adequately compensable through a monetary award of damages, should Plaintiffs ultimately prevail in this litigation.

In the additional Response brief submitted by Defendant on the preliminary injunction portion of the motion, Defendant argues that, contrary to the Court's analysis in the Order denying Plaintiffs' request for a TRO, Plaintiffs are not likely to succeed on the merits of their arguments that they are entitled to an equitable grace period in which to exercise the lease extension option. (Dkt. No. 18.) As a result, Plaintiffs' Reply also focuses on the likelihood of success on the merits. (Dkt. No. 23.) Nothing in the parties' briefing changes the Court's analysis with respect to the question of irreparable harm. Accordingly, the Court DENIES Plaintiffs' request for a preliminary injunction because Plaintiffs still have not demonstrated the likelihood of irreparable harm if injunctive relief is denied. The Court declines to make any additional findings as to the likelihood of Plaintiffs' success on the merits, notwithstanding the parties' extensive briefing on that issue, because it is not necessary for the resolution of the instant motion.

DATED this 1st day of April, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 3